KUHN, J.,
concurring.
| j Because as a strict constructionist, I believe the role of the judiciary is to apply the laws as written by the legislature, I reluctantly concur in the result reached by the majority.
As the majority correctly points out, La. R.S. 42:65 A allows the attorney general to “petition for a declaratory judgment against a person alleged to be holding incompatible ... employments or holding a combination of employments prohibited by [the Dual Officeholding and Dual Employment Law].” Nothing in the plain language of the statute addresses itself to the situation presently before us where the alleged dual employment occurred prior to the filing of a petition by the attorney general. Because the plain language of the statute requires that the defendant “be holding” incompatible employments or *827 “holding” a combination of employments at the time the attorney general petitions for declaratory relief, it is inapplicable to this defendant. See La. C.C. art. 9 (When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature). I note that limiting the causes of action that the attorney general may pursue to instances where the defendant is presently employed (or serving office) does not lead to an absurd consequence because it does not foil the express purpose of the law, which is to implement a policy that will serve to maintain a high level of trust and confidence by the general citizenry in the employees of this state by defining and regulating dual employment. See La. R.S. 42:61 B. If an individual is no longer engaged in dual employment, the breach of trust has been eliminated.
Because the reimbursement set forth in Subsection C is dependent on a finding that defendant “is holding” employments in violation of the Dual Officeholding and Dual | ¡¿Employment Law, if the intent of the legislature is to allow the appropriate governmental body to recover all pay or other compensation and all allowances which have been received by an employee who has resigned prior to institution of a suit against him under La. R.S. 42:65, it should alter the language of the statute to so permit. Accordingly, under the plain language of La. R.S. 42:65, I am constrained to concur.